DALLAS GENERAL DRIVERS, WAREHOUSE AND HELPERS, LOCAL UNION NO. 745, ET AL V. HOUSTON AND NORTH TEXAS MOTOR FREIGHT LINES, INCORPORATED.

No. A-3202. Decided January 30, 1952.
(245 S. W., 2d Series, 481.)

*Mullinax, Wells & Ball, L.N.D. Wells, Jr. and Charles J. Morris,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that there have been no new facts showing a change of conditions since the granting of the injunction; and in its holding that because the National Labor Relations Board has handed down an opposite

ruling on identical facts, such ruling may be logically viewed by the trial court as not constituting evidence of changed conditions sufficient to warrant a dissolution of the injunction, at least until said Board order is made legally enforcible. North East Motor Freight Lines v. Dickson, 219 S.W. 2d 795; International Brotherhood v. Missouri Pacific, 220 S. W. 2d 219; Construction and General Laborers Union v. Stephenson, 148 Texas 434, 225 S.W. 2d 958; Ayromobile Workers Union v. O'Brien, 339 U.S. 454, 70 Supreme Court 781.

*Phinney, Hallman, Reed & Holley, Leroy Hallman* and *Carl L. Phinney,* all of Dallas, for respondents.

In reply to petitioners' contentions, respondent cites Best Motor Lines v. International Brotherhood of Teamsters, etc., 150 Texas 95, 229 S.W. 2d 912; Gibbony v. Empire Storage and Ice Co., 336 U.S. 490; Allen-Bradley Local v. Wisconsin, 315 U.S. 740; Olin Industries v. National Labor Relations Board, 72 Fed. Supp, 225.

MR. JUSTICE SHARP delivered the opinion of the Court.

On August 2, 1948, the trial court entered an order restraining petitioners from picketing respondent's place of business. The judgment of the trial court was affirmed by the Court of Civil Appeals on May 13, 1949, in an unpublished opinion, as provided for in Rule 452, Texas Rules of Civil Procedure, which held that petitioners' strike action was precipitate in that respondent was not afforded an adequate opportunity to bargain, due to the fact that petitioners offered no proof that they represented the employees for whom they sought to bargain. In this Court, the application for writ of error was, "Refused. No Reversible Error."

This suit involves the order of the trial court dated May 20, 1950, refusing to dissolve or modify its order dated August 2, 1948. The judgment of the trial court was affirmed by the Court of Civil Appeals by a divided court on October 20, 1950, in an opinion not yet published, as provided for in Rule 452, in which it was held by a majority of the court that the changed conditions relied on by petitioners as reasons for dissolving the injunction were insufficient to warrant a dissolution of the injunction, at least until the order of the National Labor Relations Board had been approved by the federal courts. This Court granted a writ of error to review the opinion of the Court of Civil Appeals.

The trial court restrained and enjoined defendants "from establishing or maintaining a picket line at Plaintiff's place of business, or any other place, if said picket line publicizes the Plaintiff, at any time during the pendency of this suit, unless authorized by further order of this Court." The trial court further ordered: "This Temporary Injunction shall continue in full force and effect during the pendency of this suit and until the Plaintiff's Application for Permanent or Perpetual Injunction is heard and determined. It is hereby provided by the Court that if, during the pendency of this suit, a proceeding is had before the National Labor Relations Board, which Labor Union Defendants may at that time believe will have worked a change in the facts and law as found by this judgment, said Labor Union Defendants may file herein their Motion to Modify this judgment."

The record shows that after the original injunction was issued, petitioners went to the National Labor Relations Board for a determination of the question whether the employer was guilty of unfair labor practices. On March 28, 1950, the National Labor Relations Board issued its final decision, and ordered respondent to cease and desist from engaging in unfair labor practices, and affirmatively required respondent to bargain collectively with petitioners, to offer certain named persons reinstatement and back pay, and to post notices advising employees that respondent would not interfere with their rights under federal law.

The record also shows that the representative of petitioners sought to obtain respondent's agreement to comply with the order, and M. R. Dixon, the agent of the Union, sought to contact the manager of respondent, C. E. Bradley, both in person and by telephone. Being unable to contact Mr. Bradley, he wrote him on April 1 and on April 6, 1950, urging that respondent comply with the order, reinstate the employees, and bargain with the Union. Bradley finally refused to comply with the order. Dixon made further attempts to obtain employer's agreement to comply with the federal law, reinstate the employees, and bargain with the Union, and requested Mr. Moore, an official of employer's asociation, to intercede to effect settlement of the controversy.

It is undisputed that respondent completely ignored petitioners' final letter of April 6, 1950; that respondent continued to refuse to comply with the order of the National Labor Re-

lations Board; that it refused to bargain, although the Union's offer had afforded it an opportunity to do so; and that on account of the actions of the respondent, the employees on April 11, 1950, went on a strike. Petitioners contend that the strike action was justified because, under these facts, all of the necessary conditions were present and a labor dispute did then exist.

Petitioners on April 17, 1950, filed their amended motion to dissolve or modify the temporary injunction theretofore issued on August 2, 1948. Respondent, on the other hand, had previously filed an affidavit for contempt against the employees for violating the injunction. The changed conditions relied on by petitioners in support of the motion to dissolve were the fact findings and the decision of the National Labor Relations Board, which ordered the respondent as follows:

"1. Cease and desist from:

"(a) Refusing to bargain collectively with the Dallas General Drivers, Warehousemen and Helpers, Local Union 745, International Brotherhood of Teamsters, A. F. L., as the exclusive representative of all office employees of the Respondent employed at its Dallas, Texas, office, excluding city pick-up and delivery drivers, dockmen and helpers, warehousemen, line drivers, and supervisory employees as defined in the Act;

\* \* \* \* \*

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Bargain collectively with Dallas General Drivers, Warehousemen and Helpers, Local Union 745, International Brotherhood of Teamsters, A.F.L., as the exclusive representative of its employees in the appropriate unit, and embody any understanding reached in a signed agreement;

\* \* \* \* \*

"(d) Notify the Regional Director for the Sixteenth Region in writing, within ten (10) days from the date of this Order, what steps the Respondent has taken to comply herewith."

Petitioners urged as a further ground the offers on their part during April, 1950, to commence bargaining. It was agreed that both the motion to modify the injunction and the affidavit for contempt would be considered together. The trial court in its order dated May 20, 1950, overruled the motion to dissolve the injunction, and sustained the affidavit for contempt as against six of the petitioners. The Court of Civil Appeals affirmed the judgment of the trial court because the order of

the National Labor Relations Board had not been affirmed by the Circuit Court of Appeals.

The trial court and the Court of Civil Appeals refused to recognize the order of the National Labor Relations Board as evidence of changed conditions until such order was affirmed by the United States Circuit Court of Appeals. It is now shown to this Court that the National Labor Relations Board filed a petition for the enforcement of its order in the United States Court of Appeals for the Fifth Circuit, and that said court on December 28, 1951, in Cause No. 13457, National Labor Relations Board v. Houston and North Texas Motor Freight Lines, Inc., (193 Fed. 2d 394) sustained the fact findings and the decision of the National Labor Relations Board, and ordered the enforcement of such order, except for a minor provision regarding employee Teague. In view of this development there exists no theory under which the trial court's injunction in this cause can be continued in effect.

The judgments of the trial court and Court of Civil Appeals are hereby reversed, and the injunction is dissolved.

Associate Justices Calvert and Smith concur in the result. Opinion delivered January 30, 1952.